WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Fairfield Homes, Inc., an Arizona corporation, Fairfield Green Valley, Inc., an Arizona corporation,<br><br>　　　　　Plaintiffs,<br>v.<br><br>Granite State Insurance Company, a foreign corporation; Chartis Specialty Insurance Company, formerly American International Specialty Lines Insurance Company, a foreign corporation; American Casualty Company of Reading Pennsylvania, a foreign corporation; National Fire Insurance Company of Hartford, successor by merger of Transcontinental Insurance Company, a foreign corporation,<br><br>　　　　　Defendants. | CV 09-360 TUC DCB<br><br>**ORDER** |

Following crossmotions for summary judgment, the Court ruled in favor of Plaintiff Fairfield Homes, Inc., (Fairfield) and against Defendant Granite State Insurance Company (Granite) and entered Judgment for $190,645.85 for Fairfield on February 14, 2011. Subsequently, Plaintiff voluntarily dismissed its bad faith claims, and the Court amended the Judgment to add language allowing an interlocutory appeal, pursuant to Fed. R. Civ. P. 54(b). The Clerk of the Court entered the Amended Judgment on May 5, 2011.

On March 14, 2011, Fairfield filed a Motion for an award of attorney fees and costs. On April 22, 2011, Granite filed a Notice of Appeal and a Motion to Stay by Supersedeas Bond the execution of the Judgment.

/////

/////

**Attorney Fees and Costs**

Under Arizona law, the Court may award the successful party reasonable attorney fees in an action arising out of contract. A.R.S. § 12-341.01(A). By affidavit, Fairfield's counsel, Eugene Goldsmith, filed a 40 percent contingency fee agreement between Plaintiffs and counsel and filed billing statements for himself and co-counsel Dennis Rosen and Sue Ann Welch to reflect the number of hours worked by the attorneys on the case. Based on the contingency fee agreement and the damage award the attorney fees total $76,258.34. (Motion for Attorney Fees (doc. 112), Ex. 1-B: Contingency Fee Agreement, Ex. 1-A-1, 2: Time Sheets, Ex. 1-C: Statement of Costs.) Fairfield also seeks reimbursement of $2,158.74 in taxable costs. (Reply, Ex. 1: Receipts.)

The billing sheets reflect that together co-counsel spent approximately 216 hours on the case engaged in depositions and briefing a motion for summary judgment, cross-motion for summary judgment, motions to strike, and a motion for reconsideration. If the Plaintiffs' attorneys had billed by the hour, the attorney fees would have been close to $87,000. Consequently, the 40 percent contingency fee of $76,258.34 is reasonable.

Contrary to Granite's assertion that the subsidence exclusion at issue in the Granite insurance policy was "not novel," (Response at 5), the Court found that the cases relied on by Granite, *Miller v. State Farm Fire & Casualty Co.*, 804 P.2d 822 (Ariz. 1990) and *Holy Trinity Greek Orthodox Church v. Church Mutual Insurance Co.*, 2006 U.S. Dist. LEXIS 266 (Ariz. January 4, 2006), were inapposite, (Reply at 7). There was a substantial body of law which had to be researched and reviewed. Granite offered Fairfield $5,000 to settle the case for damages in the amount of $190,645.85. The damage amount was undisputed. The law suit was necessary to resolve the question of liability. There is no evidence that an attorney fee award would cause an extreme hardship on Granite. *See* LR Civ. 54.2(c)(3) (setting out 13 factors for assessing reasonableness).

The Court finds that under the contingency fee, Fairfield's attorneys will earn less than their regular hourly rates. The 40% contingency fee is especially reasonable in this case

because given the damages at issue in the case, the Plaintiffs' attorneys determined that "economically the case was not likely to provide for a significant return in relation to the work required" to represent the Plaintiffs. (Reply at 10.)

The Court finds Fairfield has established eligibility for an award of fees, and entitlement and reasonableness of the fees requested. LR Civ. 54.2(c)(1)-(3).

**Motion to Stay by Supersedeas Bond**

Granite seeks to stay execution of the Judgment, pending the posting of a supersedeas bond. Fed. R. Civ. P.62(d). Fairfield objects to the bond being underwritten by Granite and asks that the bond be underwritten by a disinterested third-party bonding company. Fairfield asks that in addition to covering the attorney fee award, the bond should include interest. Granite responds that the bond is being underwritten by National Union, which is not a party to this lawsuit and that the bond cannot include interest on an attorney fee award because there is no such award entered yet.

Assuming National Union is not an interested party in Granite, i.e., and is truly a disinterested third-party, it may underwrite Granite's bond. An attorney fee being hereby awarded, the bond shall also include interest.

**Accordingly,**

**IT IS ORDERED** that the Motion for Attorney Fees and Costs (Doc. 112) is GRANTED in the amount of $78,417.08.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the Judgement accordingly.

**IT IS FURTHER ORDERED** that the Motion to Stay Execution of Judgment by Supersedeas Bond (Doc. 117) is GRANTED.

/////
/////
/////
/////

3

**IT IS FURTHER ORDERED** that Granite shall use a disinterested third-party underwriter for the supersedeas bond, which shall be issued for $190,645.84, plus the amount of attorney fees and costs awarded, $78,417.08, and interest.

DATED this 24th day of May, 2011.

David C. Bury
United States District Judge